IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO ROSALES,

        Petitioner,

OPINION AND ORDER

16-cv-815-bbc
14-cr-114-bbc

   v.

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Contending that he was sentenced improperly to a ten-year sentence for drug distribution, petitioner Orlando Rosales seeks post conviction relief under 28 U.S.C. § 2255. He believes that the court made two errors in his case: it denied him his constitutional right to the effective assistance of counsel and it used "predicate sentences" improperly in finding that he was a career offender.

A review of petitioner's motion shows that, contrary to his assertions, his counsel gave him a vigorous and effective representation and he was not sentenced improperly. Accordingly, his motion for post conviction relief will be denied, together with his motion for appointment of counsel to assist him with a motion for post conviction relief. Having the assistance of counsel would not benefit petitioner because he has no viable claim for relief.

1

BACKGROUND

In November 2014, the government filed a one-count information against petitioner, charging him with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 845. Counsel was appointed to represent petitioner, who later waived indictment and entered a plea of guilty to the information under a written plea agreement.

The probation office prepared a presentence report, determining that petitioner had a base offense level of 26 because he had been responsible for the distribution of at least 2.87 kilograms of cocaine. The base offense level was increased by two, because petitioner had maintained a premises for the purposes of distributing a controlled substance, and increased again by three levels because he had played a managerial or supervisory role in the offense. The offense level of 31 was then increased to 34 because petitioner was a career offender, as defined in U.S.S.G. § 4B1.1(a). He was at least 18 years old and had at least two prior felony drug distribution convictions in a Wisconsin state court: (1) possession with intent to distribute less than 200 grams; (2) possession with intent to deliver more than 2,500 to 10,000 grams of THC; and (3) possession with intent to distribute more than one but not more than five grams of cocaine. His sentence was reduced by three levels, to recognize the clear demonstration of his acceptance of responsibility, giving him a final offense level of 31. U.S.S.G. § 3E1.1(a) and (b). His criminal category was VI and his advisory guideline range was 188 to 235 months..

At the sentencing hearing, petitioner's counsel called members of petitioner's family

to speak on his behalf, pointed out the difficulties that petitioner had had in finding legitimate sources of income and argued that he should not be considered a career offender because some of the crimes charged against him were old, the crimes were of a minor nature and they were primarily the result of petitioner's addictions. He also noted that petitioner was facing the possibility of another sentence in state court. Petitioner's counsel acknowledged that petitioner's criminal history score gave him a base offense level of VI and that he was a career offender, but argued persuasively for a five-level downward departure in recognition of petitioner's cooperation with the government. Petitioner was given the full amount of his requested reduction and sentenced to a term of 120 months, 68 months below the low end of his guideline sentence.

Petitioner appealed his sentence to the Court of Appeals for the Seventh Circuit, which affirmed his sentence on May 28, 2015. He filed this timely motion for post conviction relief on December 8, 2016.

OPINION

Petitioner believes that he is entitled to post conviction relief for two reasons: (1) his counsel failed to provide him an adequate defense; and (2) the sentencing court should not have used his state court drug convictions as a basis for enhancing his criminal history score. The government adds that petitioner may have as a third ground, that he is actually innocent of being a career offender, but petitioner has not pursued this argument.

3

A. Alleged Ineffectiveness of Counsel

Although petitioner had a full review of his case on appeal, he is entitled to a post conviction review of his claim of ineffectiveness of counsel because that claim implicates a constitutional right. Although post conviction review is not intended to be a substitute for a direct appeal, an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003). Blake v. United States, 723 F.3d 870, 878–79 (7th Cir. 2013).

Although petitioner's prior appeal does not prevent him from proceeding on his claim,, he faces a high hurdle for obtaining relief. He must show not only that his trial counsel's performance fell below the objective standard for reasonably effective representation, but that the ineffectiveness prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Blake, 723 F.3d at 879. Moreover, the standard of review for effective representation is a "highly deferential" one. When a court assesses counsel's representation, it presumes that it is effective. Strickland, 466 U.S. at 689.

Petitioner's allegations fall far short of showing that his counsel's representation was ineffective under Strickland's objective standard of reasonableness. His only complaint is that his appointed counsel did not obtain greater relief for him from his sentence in light of his substantial assistance. However, the record shows that counsel argued vigorously on behalf of his client, made arrangements for his family members to testify in his behalf and developed an argument designed to show that the guideline applicable to petitioner had been

4

adopted by the Sentencing Commission without empirical research or a thorough study. Counsel urged the court to consider petitioner's family, his long history of addiction and his difficulty in finding employment. He then argued successfully for a below-guideline sentence of 120 months, which was considerably below his guideline sentence of 188 to 235 months.

When petitioner appealed his sentence, the court of appeals rejected his argument that he should have received a larger reduction in this sentence, noting that the sentencing court had addressed petitioner's individual circumstances in determining his sentence and that the record showed why a further reduction was not warranted. United States v. Rosales, 813 F.3d 634, 638-39 (7th Cir. 2016). Therefore, I conclude that petitioner has failed to show that he has any ground on which to argue that he was denied the effective assistance of counsel.

B. Improper Use of Predicate Sentences to Enhance Petitioner as a Career Offender

In a second challenge to his sentence, petitioner argues that it was error for the court to use his prior convictions as a basis for finding him a career offender, because his prior convictions did not qualify as "serious drug offenses," as defined in 18 U.S.C. § 924(e). Petitioner raised this specific argument on appeal; the court of appeals considered it and rejected it. Rosales, 813 F.3d at 638. Ordinarily, that would be the end of the matter, but petitioner has raised a variation of his original argument that I will address for the sake of completeness.

In his new challenge, petitioner relies on two recent decisions: the Supreme Court's

5

decision in Mathis v. United States, 136 S. Ct. 2243 (2016), and a decision by the Court of Appeals for the Fifth Circuit in Hinkle v. United States, 832 F.3d 569 (5th Cir. 2016). The question in Mathis was whether a defendant's prior conviction could qualify as a predicate violent felony if any element of the crime of conviction were broader than the generic form of the crime. This argument can be ignored because petitioner was not convicted for committing violent felonies.

Unfortunately for petitioner, the second decision on which he relies, Hinkle, 532 F.3d 569, does not provide him any greater support, although it did involve controlled substance offenses. Hinkle was charged under federal law for possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a) and (b)(1)(C), and faced sentencing as a career offender under the United States Sentencing Guidelines because he had two prior convictions in Texas, one for burglary and one for distribution of a controlled substance

Hinkle did not challenge his burglary conviction, but argued that his Texas controlled substances law applied to two different acts: that of *offering to sell* a controlled substances and that of *actual distribution* of a controlled substance. The court of appeals agreed with Hinkle that as the law was written, it could be violated in two different ways: by offering or by selling. As written, the law was too broad to qualify as a predicate conviction under the career offender guidelines. The distribution charge could not be used as a predicate crime for finding him a career offender because it was written not to describe two separate offenses, but two "'alternative ways of satisfying [the] single [delivery] element.'" Hinkle, 832 F.3d at 576 (quoting Mathis, 136 S. Ct. at 2250.) As a consequence, the court noted, "[t]he delivery'

6

element of Hinkle's crime of conviction criminalizes a 'greater swath of conduct than the elements of the relevant [Guideline] offense.'" Id.

The holding in Hinkle does not apply to petitioner's case. Petitioner was not convicted under the Texas law at issue, but under a Wis. Stat. § 961.41(1m)(h), which prohibits possession with intent to distribute THC. He has not suggested any reason for thinking that this crime could be violated in two different ways, as was the case in Hinkle.

### C. Actual Innocence

In the interest of completeness, the government raised the possibility that petitioner might be arguing that he is actually innocent of the career offender enhancement. It acknowledges, however, that there is no support for such a claim in petitioner's case: even if the court erred in sentencing petitioner, the sentence imposed was within the permissible statutory maximum sentence for his offense. As explained in Hawkins v. United States, 706 F.3d 820, 824 (7th Cir. 2013, in that circumstance, there is no ground for arguing "actual innocence." Although a court can alter a sentence imposed in violation of the Constitution or laws of the United States or one that was imposed without jurisdiction or was otherwise subject to collateral attack, a sentence that is merely an erroneous interpretation of the sentencing guidelines and has become final is not one that merits resentencing.

Moreover, even if the sentence imposed had been erroneous, petitioner did not raise the issue at sentencing or on direct appeal, which means that he has procedurally defaulted it. He has not suggested he could establish cause for the default or actual prejudice from the failure

7

to appeal. Barker v. United States, 7 F.3d 629, 632 7th Cir. 1993).

### D. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). Tennart v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 542 U.S. 322, 336 (2003) (internal quotations and citations omitted. Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.)

Although the rules allow a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

### ORDER

IT IS ORDERED that petitioner Orlando Rosales's motions for appointment of counsel

and for post conviction relief are DENIED. Further, IT IS ORDERED that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 16th day of May, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge